Haywood, J.
delivered the opinion of himself and Judge Peck.
Judge BROWN having been of counsel did not sit.
Smith and Anderson gave their note to Shelby for $ 300, due the 8th of June, 1821. On the 7th of June, 1821, $163.74 cents was paid on'the note. Shelby indorsed the note to Blanks on the 5th of December, 1821; at the time of the indorsement Blanks was informed that Shelby was in *148 debted to Smith more than the amount of the note, which was the fact; yet Anderson agreed to pay the debt, notwithstanding what was due from Shelby to Smith, and the agreement to pay was at the time of making the assignment.
In January, 1822, Smith brought suit against Shelby and recovered $ 8,300, the amount Shelby owed him, including $ 1,000, due the 25th of December, 1821. Great part of this judgment remains unpaid.
In the record of the suit, Blanks against Smith and Anderson, Smith pleaded payment and set off; Anderson pleaded payment, and issues were taken.
On the whole case, if the law be for the plaintiff, then judgment for the balance of the debt, if for the defendant, then judgment to be rendered for costs against the plaintiff. On the pleadings and facts agreed the Circuit Court gave judgment for the defendants.
By the Court. Upon the above statement of facts this Court is to give judgment.
The plaintiff is repelled on the ground of the larger debt due from Shelby to Smith, which leads directly to the following points: —
The note due from Anderson and Smith to Shelby having been assigned after it fell due, the assignee stands in the place of Shelby, and is liable to any set off that Shelby, had he sued, would have been subject to; and the promise of Anderson, that the debt due to Smith should not be set off, does not bind Smith, having been made in his absence, and without authority or consent given by him; therefore, Smith’s right to set off remained as before, but the question is, whether a debt due to Smith alone can be set off by Smith against a debt due from him and Anderson. When Blanks, the assignee, brought his action against Anderson and Smith, the judgment of Smith against Shelby had come into existence, and, indeed, was founded upon a debt due to him at the date of the assignment. A debt against the assignee, acquired after action brought by him, it is true, cannot be set off, because the ex post facto act of acquiring it would otherwise subject him to the costs of an action to which, at the time of his action instituted, he was not potentially liable ; but if the debt offered to be set off was due to the defendant at the time of the action brought, it may be set off, provided it be a mutual debt within the intent of the act of Assembly of 1756, ch. 4, § 7. There is no solid objection, therefore, to Smith’s judgment against Shelby on this score, if, in other respects, it be capable to be defalcated. The doubt is, whether it be a mutual debt and can therefore be set off or opposed to the debt due to Shelby from Anderson and Smith.
The intent of the Act was to prevent cross actions, and to settle the adversary demands of the plaintiff and defendant in one action; and set off is allowed, with this further advantage, that it often times obviates the loss of the defendant’s demand by the insolvency of the plaintiff, who, *149 after receiving the debt due to himself, might never pay the demand which the defendant had against him.
Had Smith sued Shelby, the latter could not set off against Smith the debt due to him from Anderson and Smith, because, the consequence would be to make Smith pay the debt of Anderson, whether he owed either part or all, and to turn Smith over to him who, before a recovery could be effected Against him, might become in the mean time unable to retribute Smith. Supposing the truth to be in the present case, that Anderson owed Shelby and Shelby Smith, and that the latter was only a surety for Anderson, the injustice would be apparent of compelling Smith to pay Shelby and then resorting to Anderson when, by giving their note to Shelby and not deducting it from the debt due from him to Smith, the parties have evinced their purpose to be not to defalcate the former from the latter debt. It is not a sound argument to say that Smith is willing to pay the debt, and no other person ought to complain, for it is the law that governs in the case of set off. The same argument might be used in the case where defendant, sued as executor, is willing to pay the debt of his testator, and offers to set off a debt due to himself from the testator, and is not allowed to do so merely because the Act requiring mutuality of demands, and these being not mutual, remain as at common law, which did not allow of set off in any case, upon the ground that it has been expressly decided that a joint demand cannot be set off against a separate one. 6 Bac. Ab. 136. Here the same reason exists; the plaintiff, not being allowed to set off if he were defendant, cannot be compelled to admit a set off when he is plaintiff. This case not being one within the range of the act of Assembly, in other words, the remedies of the plaintiff and defendants upon their respective demands not being reciprocal or mutual, reverse the judgment of the Circuit Court and enter judgment for the plaintiff’s debt with costs of suit.